UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGE W. ROMAKA,

                              Plaintiff,

                     -against-

H&R BLOCK MORTGAGE CORPORATION, WELLS
FARGO BANK, N.A., AS TRUSTEE FOR
SOUNDVIEW HOME LOAN TRUST 2007-OPT2,
ASSET-BACKED CERTIFICATES, SERIES 2007-
OPT2; OCWEN LOAN SERVICING, INC. and DOES 1
THROUGH 100 INCLUSIVE,

                              Defendants.
----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
17-CV-7411 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

       *Pro* se plaintiff George Romaka ("Plaintiff") commenced this action against defendants

H&R Block Mortgage Corporation ("H&R Block"), Wells Fargo Bank, N.A., as Trustee for

Soundview Home Loan Trust 2007-Opt2, Asset-Backed Certificates, Series 2007-Opt2; Ocwen

Loan Servicing, Inc. and Does 1 -100, inclusive in an effort to halt a foreclosure on his home and

rescind certain loan documents.  Before the Court, on referral from District Judge Seybert, is the

motion of the Wells Fargo Bank, N.A., as trustee For Soundview Home Loan Trust 2007-Opt2,

Asset-Backed Certificates, Series 2007-Opt2 ("Wells Fargo"); and Ocwen Loan Servicing, Inc.

("Ocwen" and, together with Wells Fargo, the "Wells Fargo Defendants") to dismiss the

complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  For the reasons set

forth below, the Court respectfully recommends that the Wells Fargo Defendants' motion be

denied.

## BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

On May 9, 2007, Plaintiff entered into a note and mortgage (the "Note") with H&R Block Mortgage Corporation, pursuant to which Plaintiff refinanced a loan on his primary dwelling located in Islip, New York. ECF 1, at ¶¶ 17-20. According to Plaintiff, several years later he became "alarmed" by news concerning H&R Block's lending practices, and, since he had not received copies of any of the documents he signed at the closing, he exercised his right to rescind the contract. *Id.* at ¶¶ 22-24. On March 15, 2010, Plaintiff mailed a notice of rescission to H&R Block. *Id.* at ¶ 29. More than 20 days passed and H&R Block did not formally respond to the notice of rescission. *Id.* at ¶ 28. Following the notice of rescission, Plaintiff stop making payments on his loan and is in default. Wells Fargo commenced a foreclosure proceeding against plaintiff. *Id.* at ¶ 41.

Plaintiff commenced this action on December 20, 2017 asserting claims (1) against H&R Block and the Wells Fargo Defendants pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, (seeking rescission of the Note), (2) against Wells Fargo for Wrongful Foreclosure, (seeking a declaration that title should remain in Plaintiff's name), and (3) against Ocwen for violation Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (seeking damages).

The Wells Fargo Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim. ECF 11. Plaintiff opposes the motion. ECF 12.

## DISCUSSION

### A.    Standard of Review - Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Where, as here, the complaint was filed *pro se*, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  However, a *pro se* complaint must state a plausible claim for relief, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and mere conclusions of law unsupported by factual averments need not be accepted, *Klos v. Bligh*, No. 13–CV–5449, 2014 WL 3778993, at *5 (E.D.N.Y. July 31, 2014).  The court must liberally interpret the complaint of a pro se plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986).  Taking into consideration the plaintiff's lack of legal training, the court "holds the complaint to 'less stringent standards

than formal pleadings drafted by lawyers.'" *Roberts v. Internal Revenue Service*, No. 06 Civ. 1518 (VM), 2006 WL 3873161, at *3 (S.D.N.Y. Dec. 28, 2006), quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).  Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and internal quotation marks omitted).  "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Id.* (quoting *Global Network*, 458 F.3d at 156).  "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint." *Id. (quoting Global Network*, 458 F.3d at 157)).  In addition, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such

4

litigation and related filings.'"  *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

Here, Plaintiff has attached to the complaint a delinquency notice dated as of June 19, 2017, setting forth the amounts due on the loan and alerting Plaintiff that his "account has been referred to an attorney to foreclosure."  ECF 1, Ex. B.  This document will be considered for purposes of the motion to dismiss.  In addition, the Wells Fargo Defendants have attached a copy of the recorded mortgage, along with other documents, to the Motion to Dismiss.  The Court considers the mortgage integral to the claims asserted in the complaint and will consider it for purposes of this motion.

### B.  Failure To State A Claim Upon Which Relief Can Be Granted

The Wells Fargo Defendants have moved to dismiss the complaint on the grounds that (1) Plaintiff's claims under the FDCPA and TILA are barred by the applicable statute of limitations; and (2) Plaintiff's claims must be dismissed because each of Plaintiff's claims is based upon Plaintiff's improper rescission of the loan documents.

#### 1.  The FDCPA Claim

Plaintiff has asserted a claim against Ocwen pursuant to the FDCPA.  ECF 1, at ¶¶ 44-54. "The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C. § 1692(e)).  "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." *Benzemann v. Citibank N.A.,* 806 F.3d 98 (2d Cir. 2015).  The statute of limitations for claims brought under the FDCPA

is one year. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this title [i.e., the FDCPA] may be brought . . . within one year from the date on which the violation occurs.").

According to the Wells Fargo Defendants, Plaintiff's FDCPA cause of action began to accrue on March 10, 2010, when Plaintiff allegedly rescinded the Loan and Ocwen allegedly continued to attempt to collect the debt. Def Mem. at 3-4. "Regarding the relevant accrual date for the calculation of the FDCPA statute of limitations, the Court of Appeals has held variously that the relevant date is either the date of the issuance of a demand letter or, where an unlawful restraining notice was sent to a bank, the date when the bank froze the debtor's account." *Sanchez v. Ehrlich*, No. 16-8677, 2018 U.S. Dist. LEXIS 69849 (S.D.N.Y. Mar. 29, 2018). Attached to the Complaint is a demand letter from Ocwen dated June 20, 2017. ECF 1, Ex. B. Plaintiff's complaint was filed on December 20, 2017, within the one-year statute of limitations.

Accordingly, the undersigned respectfully recommend that the Wells Fargo Defendants' motion to dismiss Plaintiff's FDCPA claim as time-barred be denied.

## 2. The TILA Claim

Plaintiff asserts a claim for rescission against all defendants pursuant to the TILA. ECF 1, at ¶¶ 33-39. "TILA requires creditors to clearly and conspicuously disclose certain material information including, but not limited to, the interest rate, the amount financed, and the payment schedule. *Maitland v. Fishbein*, No. CV 15-5845 (JMA)(AKT), 2017 U.S. Dist. LEXIS 29941 (E.D.N.Y. 2017) (citing *Midouin v. Downey Sav. and Loan Ass'n, F.A.,* 834 F. Supp. 2d 95, 102 (E.D.N.Y. 2011). TILA is applicable to loans that are secured by real property or a dwelling such as residential mortgage transactions and home equity loans." *McAnaney v. Astoria Fin. Corp.,* 357 F. Supp. 2d 578, 583 (E.D.N.Y. 2005).

There are two forms of relief available to individuals under TILA — damages and

rescission. *See* 15 U.S.C. §§ 1635(a), 1640.  Plaintiff here is seeking recession.  ECF 1, ¶ 39.

"Under TILA, . . . , consumers entering certain credit transactions involving security interests in

their principal dwelling have a right to rescind the transaction until midnight on the third

business day after the credit transaction, delivery of the rescission notice, or delivery of all

material disclosures, whichever is latest."  *Kahraman v. Countrywide Home Loans, Inc.*, 886 F.

Supp. 2d 114, 118 (E.D.N.Y. 2012).  Where the borrower seeks rescission of the loan based on a

TILA violation and the material disclosures have not been delivered, written notice of rescission

must be provided within three years.  *Id.*; *see also,* 12 C.F.R. § 226.23(a)(3) ("If the required

notice or material disclosures are not delivered, the right to rescind shall expire 3 years after

consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the

property, whichever occurs first.").

The Wells Fargo Defendants move to dismiss Plaintiff's TILA claim because, according

to Defendants, such claim is time-barred.  The Wells Fargo Defendants rely upon a document

that Plaintiff signed at closing stating at the bottom of the Notice of Right to Cancel, that he

acknowledges receipt of two copies of the NOTICE of RIGHT to CANCEL.  ECF 11, Ex. C.

Plaintiff, however, nevertheless alleges that he never received a copy of the notice.  ECF 1, at ¶¶

21-22.  "A borrower's written acknowledgment of having received the required rescission notice

'does no more than create a rebuttable presumption of delivery thereof.'"  *Owens v. Aspen*

*Funding LLC*, No. 8-CV-6588, 2011 U.S. Dist. LEXIS 102063, 2011 WL 4024820 (W.D.N.Y.

Sept. 9. 2011) (quoting 15 U.S.C. § 1635(c)).  Plaintiff alleges in the complaint that "two years

or so after signing the documents presented to Plaintiff" he had not yet received copies.  ECF 1,

at ¶ 22.  For purposes of a motion to dismiss, Plaintiff's allegations are presumed true.  Thus,

giving Plaintiff the benefit of the doubt, he would be entitled to serve a notice of rescission

within the extended the three-year period provided by the statute. Plaintiff executed the Loan Documents on May 9, 2007 and mailed his rescission letter March 15, 2010, within the three-year period.

However, the Court's inquiry does not end here.  More than seven years elapsed between Plaintiff's alleged rescission of the loan and the filing of this action.  Recently, in *United States Bank Nat'l Ass'n v. Gerber*, NO. 1:17-CV-1466, 2018 U.S. Dist. LEXIS 125035 (M.D. Pa. July 26, 2018), the Court was faced with facts remarkably similar to those presented here.  Plaintiff was seeking a declaratory judgment to enforce a rescission of a loan made pursuant to the TILA. The plaintiffs had mailed the notice of rescission within the three-year period, the lender never responded to the demand for rescission and the plaintiffs sought the declaratory judgment seven years later.  Plaintiffs there, just as Plaintiff here, relied upon *Jesinoski v. Countrywide Home Loans, Inc*., 574 U.S.    , 135 S. Ct. 790, 190 L. Ed. 2d 650 (2015).  The court in *Gerber* pointed out that *Jesinoski* did not resolve the issue before it because in *Jesinoski* the plaintiffs had brought the action to enforce the rescission within one year from the filing of the notice. According to the *Gerber* Court "whether the Gerbers' TILA-based counterclaim to enforce the rescission is time-barred turns on whether a statute of limitations applies to such a claim, and if so, what that limitations period is."  *Id*.  The court in *Gerber* pointed out the lack of Circuit Court authority and engaged in a review of decisions from within and outside of the Third Circuit.  Ultimately, the *Gerber* Court determined that failing to apply a statute of limitation to such declaratory relief claims allows the borrower to indefinitely retain the property without making payments nor returning the property or the loan proceeds to the lender.  The court applied the one-year statute of limitations applicable to damage claims to applications to enforce "stalled rescissions" as well.  *Id*. at *15.

There is no clear authority with respect to the timing of actions to force a rescission in the Second Circuit. *Compare Saint-Jean v. Emigrant Mortg. Co*., 50 F. Supp. 3d 300, 324 (E.D.N.Y. 2014) ("This Court has no basis to find that proper rescission in the three-year context requires more than the written notice set forth in the regulations, which clearly applies to both the three-year and the three-day exercise of rescission.") *with Residential Capital, LLC*, No. 12-12020 (MG), 2014 Bankr. LEXIS 1889, 2014 WL 1661494 (S.D.N.Y. Apr. 25, 2014) ("borrower must file a lawsuit so that the court may enforce the right to rescind").

In *Jesonoski*, the Supreme Court declared, "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period. *Jesinoski*, 135 S. Ct. at 792; *see also Sherzer v. Homestar Mortg. Servs*., 707 F.3d 255, 258 (3d Cir. 2013) (text of TILA and implementing regulation "support[] the view that to timely rescind a loan agreement, an obligor need only send a valid notice of rescission"); *Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239, 1244 (D. Or. 2015) (denying defendant's motion to dismiss because all that was necessary under TILA to begin the process of rescission was the timely filing of the notice to rescind); *Lippner v. Deutsche Bank Nat'l Trust Co.*, 544 F. Supp. 2d 695, 703 (N.D. Ill. 2008) (plaintiff's timely written notice under TILA entitled him "as a matter of law . . . to rescission").  Absent authority to the contrary within the Second Circuit, the Court is inclined to follow the holding of these cases.  To wit: Plaintiff's service of the notice of rescission is all that is needed to begin the process.

The Wells Fargo Defendants rely upon *Midouin v. Downey Sav. & Loan Assoc., F.A.,* in support of their position that Plaintiff's claim is time-barred.  That case however was referring to an action for damages. In *Midouin*, the Court held that "[n]umerous courts, however, have held that where an action for damages is premised on a failure to honor a rescission notice, the

violation is deemed to have occurred on "the earlier of when the creditor refuses to effectuate rescission, or twenty days after it receives the notice of rescission." *Midouin v. Downey Sav. & Loan Assoc., F.A.,* 834 F. Supp. 2d 95, 109-110 (E.D.N.Y. 2011). Here, however, Plaintiff is not seeking damages, but rather a court order requiring H&R Block to "record a reconveyance of the deed" to Plaintiff.

Accordingly, the undersigned respectfully reports and recommends that the Wells Fargo Defendants motion to dismiss Plaintiff's TILA claim as time-barred be denied.

### 3.  The Wrongful Foreclosure Claim

Plaintiff has asserted a claim for wrongful foreclosure against Wells Fargo, and seeks a declaration from the Court that the attempted foreclosure is wrongful, and a declaration that "title remains in the Plaintiffs' [sic] name, free and clear of the claims of Defendants." ECF 1, at ¶ 43. According to the Wells Fargo Defendants, since the Notice of Rescission was untimely, Plaintiff's claims for wrongful foreclosure, and violation of the FDCPA must be dismissed for failure to state a claim. The Court has found that the notice of rescission was not untimely and therefore, the Wells Fargo Defendants' motion to dismiss for failure to state a claim must be denied.

Accordingly, the undersigned respectfully recommends that the Wells Fargo Defendants' motion to dismiss these claims be denied.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. *Pro se* Plaintiff George W. Romaka must file his

objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for the Wells Fargo Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.

Dated:  Central Islip, New York          **SO ORDERED:**
        August 8, 2018

                                    _____/s_____
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge